## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

KIMBERLY J. HOLLAND,

     *Plaintiff,*

**v.**
     CIVIL ACTION NO:   2:25-cv-00567
     JUDGE: _____

SENECA MEDICAL HOLDINGS, INC.; and
CONCORDANCE HEALTHCARE
SOLUTIONS, LLC.

     *Defendants.*

## COMPLAINT

Plaintiff Kimberly Holland, by counsel, states and alleges as follows for her Complaint against Defendants Seneca Medical Holdings, Inc. (hereinafter "Seneca") and Concordance Healthcare Solutions, LLC (hereinafter "Concordance") (collectively referred to as "Defendants").

### PARTIES

1. Kimberly Holland was, at all relevant times, a citizen and resident of Jackson County, West Virginia.

2. Seneca is an Ohio corporation with its principal place of business in Tiffin, Ohio.

3. Concordance Healthcare Solutions, LLC, is an Ohio Limited Liability Company with its principal place of business in Tiffin, Ohio.

4. Seneca is a managing member of Concordance and both companies are registered to do business in West Virginia.

5.    At all relevant times Seneca was doing business as Concordance in West Virginia.

## JURISDICTION AND VENUE

6.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is diversity of citizenship and the amount in controversy exceeds $75,000.

7.    This Court has personal jurisdiction over this matter because the Defendants conduct business in the Southern District of West Virginia.

8.    Venue is proper in this court under 28 U.S.C. § 1391(b) because the events or omissions giving rise to this claim occurred in the Southern District of West Virginia.

## BACKGROUND

9.    Defendants are medical supply companies with a warehouse and offices located in Ripley, West Virginia.

10.    Plaintiff was employed by Defendants for approximately 20 years from January 17, 2005, to March 15, 2025.

11.    In December of 2023, Plaintiff was diagnosed with Graves disease and underwent thyroid surgery.

12.    In May of 2024, Plaintiff was transferred from the desk job she had held for seven years to a position in the warehouse as a picking clerk.

13.    Plaintiff notified the Defendants that her diagnosed anxiety and neuropathy in her feet caused by her Graves disease would require her to request a reasonable accommodation to perform the tasks associated with the new position.

14.    On May 8, 2024, the Defendants requested that the Plaintiff complete a request for reasonable accommodation questionnaire.

2

15.     Plaintiff submitted the requested information on May 13, 2024, clarifying that anxiety and neuropathy in her feet caused by her Graves disease did affect her major life activities and identified the reasonable accommodations Plaintiff required.

16.     The Defendants refused to provide the requested accommodations and instead retaliated against Plaintiff by reducing her break time and spreading them throughout the day.

17.     The Plaintiff continued to work and on February 6, 2025, Plaintiff re-applied for accommodations pursuant to the American with Disabilities Act.

18.     The Defendants advised the Plaintiff that more information was needed from her treating physician to make a decision on her request.

19.     Plaintiff advised the Defendants that she had a doctor's appointment on March 18, 2025, at which time she would obtain the requested information.

20.     Two business days before her doctor's appointment Defendants terminated Plaintiff's employment.

21.     Defendants' stated reason for Plaintiff's termination was pretextual. It is clear from Defendants' actions that the Defendants made the decision to terminate Plaintiff as a result of Plaintiff's disability and request for reasonable accommodation.

22.     At all relevant times, Defendants were employers as defined in W. Va. Code § 16B-17-1 *et seq.*

## DISABILITY DISCRIMINATION

Plaintiff adopts and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

23. Pursuant to West Virginia Code § 16B-17-9, it is an unlawful discriminatory practice for an employer to discriminate against an employee based upon a disability either real or perceived.

24. West Virginia Code § 16B-17-9 states that: "It shall be an unlawful discriminatory practice…[f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is blind or disabled…"

25. An individual is classified as disabled under the HRA when a physical impairment substantially limits one or more of a person's major life activities; or a record of such impairment exists; or if the employer perceives the disability. (W. Va. CSR § 77-1-2 (2.1)).

26. From Ms. Holland's first request for reasonable accommodation to her termination, she was classified as an individual with a disability pursuant to the HRA as a result of her Grave's Disease.

27. Defendants, at the time it chose to terminate Ms. Holland, had knowledge of the aforementioned disability.

28. Defendants failed to reasonably accommodate Ms. Holland's disability.

29. Defendants violated West Virginia Code § 16B-17-9 by terminating Ms. Holland because of a disability, either real or perceived.

30. As a direct and proximate result of the Defendants' illegal conduct in violation of West Virginia Code § 16B-17-9, Ms. Holland has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

4

WHEREFORE, Plaintiff requests judgment against the Defendants as follows:

    a.       Compensatory damages, including lost wages and benefits;

    b.       Front pay;

    c.       Emotional distress damages;

    d.       Punitive damages;

    e.       Attorney fees and costs;

    f.       Prejudgment interest on all amounts claimed; and

    g.       Such further relief as the Court may find appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

KIMBERLY HOLLAND
Plaintiff.

By Counsel:

*/s/ Richard W. Walters*
Richard W. Walters (WVSB #6809)
rwalters@shafferlaw.net
Ryan W. Walters (WVSB #14113)
ryanwalters@shafferlaw.net
SHAFFER & SHAFFER, PLLC
P.O. Box 3973
Charleston, West Virginia 25339
T: 304.344.8716

5